UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MALIKA BENNET and MARIAH MEADE, on behalf of themselves and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>CRICUT, INC.,<br><br>        Defendant. | Case No.<br><br>**NOTICE OF REMOVAL** |

TO:       THE CLERK OF COURT FOR THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

AND TO:    PLAINTIFFS AND ATTORNEYS OF RECORD

PLEASE TAKE NOTICE Pursuant to 28 U.S.C. § 1332, 1441, and 1446, CRICUT, INC., defendant, ("**Cricut**" or "**Defendant**") hereby submits this Notice of Removal and respectfully requests that the above-entitled action be removed to the United States District Court for the Western District of Washington from the Superior Court of the State of Washington for the County of King. Cricut takes this action without submitting to the jurisdiction of this Court and without waiving any available defenses including, without limitation, lack of jurisdiction, improper venue, or insufficient service of process. As set forth herein, removal has been timely and properly noticed, and the action is removable based on the following grounds:

DEFENDANT'S NOTICE OF REMOVAL – 1

## I.  STATE COURT COMPLAINT

1.    On January 28, 2026, Malika Bennet and Mariah Meade ("Plaintiffs") filed their Complaint against Cricut in the Superior Court of the State of Washington for the County of King, captioned as *MALIKA BENNET and MARIAH MEADE, on behalf of themselves and on behalf of others similarly situated v. CRICUT, INC.*, Case No. 26-2-03936-4. The Complaint in that action is filed contemporaneously herewith.

## II.  TIMELINESS OF REMOVAL

2.    Defendant was served with a copy of the Complaint and Summons in Wilmington, Delaware, on January 30, 2026.

3.    This Notice of Removal is timely filed as it is filed less than one year from the date the action was commenced and within 30 days of receipt of the Complaint. 28 U.S.C. § 1446(b) & (c).

## III.  DIVERSITY JURISDICTION

4.    This Court has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1) because this action is between citizens of different states and involves a controversy that exceeds the sum or value of $75,000, exclusive of interest and costs. Defendant may therefore remove this matter from state to federal court pursuant to 28 U.S.C. § 1441(a).

**A.    There is Complete Diversity of Citizenship Between the Parties.**

5.    Defendant is a Delaware corporation, with its principal place of business in Utah.

7.    Based on the state court complaint, each of the Plaintiffs are individuals that are domiciled in Washington.

8.    Accordingly, pursuant to 28 U.S.C. § 1332, Plaintiff and Defendant have diverse citizenship.

**B.    The Amount in Controversy Requirement is Satisfied.**

9.    While Defendant denies any liability as to Plaintiffs' claims and denies that any of Plaintiffs' claims result in damages in excess of $75,000, the amount in controversy requirement

DEFENDANT'S NOTICE OF REMOVAL – 2

is satisfied. Generally, the amount in controversy requirement is determined by the allegations of the complaint.

10.    While Defendant disputes these allegations, the Plaintiffs have brought this action on behalf of a putative class, which they allege contains thousands of members. According to the allegations in the complaint, each of the members of the putative class received emails from Defendant that Plaintiffs allege to violate Washington consumer protection laws and carry a penalty of $500 per violation.

11.    Accordingly, while Defendant disputes all Plaintiff's allegations, the amount in controversy requirement is satisfied.

## IV.  SERVICE OF NOTICE OF REMOVAL

Notice of this Removal will promptly be served on Plaintiffs and the Clerk of the Superior Court of the State of Washington for the County of King.

WHEREFORE, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant removes this action from the Superior Court of the State of Washington for the County of King to the United State District Court for the Western District of Washington.

Dated: February 27, 2026

SNELL & WILMER L.L.P.

By: *s/ Amit D. Ranade*
By: *s/Benjamin C. Woodruff*
Amit D. Ranade, WSBA # 34878
Benjamin C. Woodruff, WSBA # 56618
SNELL & WILMER L.L.P.
600 University Street, Suite 310
Seattle, WA 98101-3122
Telephone:   206.741.1420
aranade@swlaw.com;
bwoodruff@swlaw.com

*Attorneys for Defendant*

DEFENDANT'S NOTICE OF REMOVAL – 3

CERTIFICATE OF SERVICE

I, Brenda Partridge, certify that on February 27, 2026, I caused to be served a copy of the foregoing document on the following parties, via the method indicated below:

| Samuel J. Strauss<br>Raina C. Borrelli<br>Strauss Borrelli PLLC<br>980 N. Michigan Avenue Suite 1610<br>Chicago, IL  60611<br>(872) 263-1100<br>sam@straussborrelli.com<br>raina@straussborrelli.com | ☐ Via Legal Messenger<br>☒ Via 1st Class US Mail<br>☐ Via Facsimile<br>☒ Via Email<br>☐ Via eService |
|---|---|
| Lynn A. Toops<br>Natalie A. Lyons<br>Ian R. Bensberg<br>Cohenmalad, LLP<br>One Indiana Square, Suite 1400<br>Indianapolis, IN  46204<br>(317) 636-6481<br>ltoops@cohenmalad.com<br>nlyons@cohenmalad.com<br>ibensberg@cohenmalad.com | ☐ Via Legal Messenger<br>☒ Via 1st Class US Mail<br>☐ Via Facsimile<br>☒ Via Email<br>☐ Via eService |
| J. Gerard Stranch, IV<br>Michael C. Tackeff<br>Andrew K. Murray<br>Stranch, Jennings & Garvey, PLLC<br>223 Rosa L. Parks Avenue, Suite 200<br>Nashville, TN  37203<br>(615) 254-8801<br>gstranch@stranchlaw.com<br>mtackeff@stranchlaw.com<br>amurray@stranchlaw.com<br>*Attorneys for Plaintiff* | ☐ Via Legal Messenger<br>☒ Via 1st Class US Mail<br>☐ Via Facsimile<br>☒ Via Email<br>☐ Via eService |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated this 27th day of February, 2026, at Seatac, Washington.

*s/Brenda Partridge*
Brenda Partridge

4935-7382-0818

DEFENDANT'S NOTICE OF REMOVAL – 4