Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MALIKA BENNETT and MARIAH MEADE, on behalf of themselves and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>CRICUT, INC.,<br><br>        Defendant. | Case No. 2:26-cv-00705-RAJ<br><br>DEFENDANT CRICUT, INC.'S ANSWER TO CLASS ACTION COMPLAINT |

Defendant Cricut, Inc. ("Defendant" or "Cricut") hereby answers the Class Action Complaint (the "Complaint"), of Plaintiffs Malika Bennett ("Bennett") and Mariah Meade ("Meade") (collectively, the "Plaintiffs"). To the extent that Cricut does not expressly admit an allegation, Cricut expressly denies it.

## I.    INTRODUCTION

1.    Paragraph 1 contains legal conclusions to which no response is required. To the extent a response is required, Cricut denies the same.

2.    Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, Cricut denies the same.

DEFENDANT CRICUT, INC.'S ANSWER TO
CLASS ACTION COMPLAINT - 1
2:26-CV-00705-RAJ

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4900-9606-0312

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, Cricut denies the same.

4. Cricut denies the allegations in Paragraph 4.

5. Cricut denies the allegations in Paragraph 5.

6. Cricut denies the allegations in Paragraph 6.

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent that a response is required, Cricut denies the same.

**II.   JURISDICTION AND VENUE**

8. This case has been removed from the court where it was originally filed to this Court. Cricut admits this Court has jurisdiction over this lawsuit subject to Paragraph 9 below. The remainder of Paragraph 8 contains legal conclusions to which no response is required. To the extent that a response is required, Cricut denies the same.

9. This case has been removed from the court where it was originally filed to this Court. The remainder of Paragraph 9 contains legal conclusions to which no response is required. To the extent that a response is required, Cricut denies that King County Superior Court is the proper venue, as this matter has been removed to the United States District Court for the Western District of Washington at Seattle. Cricut also denies that the United States District Court for the Western District of Washington is the proper venue for the reasons contained in its Motion to Transfer Venue under 28 U.S.C. § 1404(a) ("Motion to Transfer Venue"). *See* ECF No. 12.

**III.   PARTIES**

10. Cricut lacks knowledge or information regarding Meade's citizenship or place of residence and therefore denies the same.

11. Cricut lacks knowledge or information regarding Bennett's citizenship or place of residence and therefore denies the same.

12. Cricut admits the allegations in Paragraph 12.

DEFENDANT CRICUT, INC.'S ANSWER TO
CLASS ACTION COMPLAINT - 2
2:26-CV-00705-RAJ

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4900-9606-0312

## IV.   FACTUAL ALLEGATIONS

**Subheading A**: Subheading "A" contains legal conclusions for which no response is required, and to the extent a response is required, Cricut denies the same.

13.   Paragraph 13 contains legal conclusions to which no response is required. To the extent that a response is required, Cricut denies the same.

14.   Paragraph 14 contains legal conclusions to which no response is required. To the extent that a response is required, Cricut denies the same.

15.   Paragraph 15 does not require a response by Cricut. To the extent that a response is required, Cricut denies the same.

16.   Paragraph 16 does not require a response by Cricut. To the extent that a response is required, Cricut denies the same.

17.   Paragraph 17 contains legal conclusions to which no response is required. To the extent that a response is required, Cricut denies the same. To the extent the allegations of Paragraph 17 of the Complaint seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Cricut denies the allegations to the extent that they are inconsistent with the document.

18.   Cricut is without sufficient knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 18 and therefore denies the same. To the extent the allegations of Paragraph 18 of the Complaint seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Cricut denies the allegations to the extent that they are inconsistent with the document.

19.   Cricut is without sufficient knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 19 and therefore denies the same. To the extent the allegations of Paragraph 19 of the Complaint seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Cricut denies the allegations to the extent that they are inconsistent with the document.

DEFENDANT CRICUT, INC.'S ANSWER TO
CLASS ACTION COMPLAINT - 3
2:26-CV-00705-RAJ

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4900-9606-0312

20. Cricut is without sufficient knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 20 and therefore denies the same.

21. Cricut is without sufficient knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 21 and therefore denies the same.

22. Cricut is without sufficient knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 22 and therefore denies the same. To the extent the allegations of Paragraph 22 of the Complaint seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Cricut denies the allegations to the extent that they are inconsistent with the document.

23. Paragraph 23 contains legal conclusions to which no response is required. To the extent that a response is required, Cricut denies the same.

24. Paragraph 24 contains legal conclusions to which no response is required. To the extent that a response is required, Cricut denies the same.

25. Paragraph 25 contains legal conclusions to which no response is required. To the extent that a response is required, Cricut denies the same.

26. Paragraph 26 contains legal conclusions to which no response is required. To the extent that a response is required, Cricut denies the same.

27. Paragraph 27 contains legal conclusions to which no response is required. To the extent that a response is required, Cricut denies the same.

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent that a response is required, Cricut denies the same.

29. Paragraph 29 contains legal conclusions to which no response is required. To the extent that a response is required, Cricut denies the same.

**Subheading B**: Cricut denies the allegations in Subheading "B" of the Complaint.

30. Cricut is without sufficient knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 30 and therefore denies the same. To the

DEFENDANT CRICUT, INC.'S ANSWER TO
CLASS ACTION COMPLAINT - 4
2:26-CV-00705-RAJ

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4900-9606-0312

extent the allegations of Paragraph 30 of the Complaint seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Cricut denies the allegations to the extent that they are inconsistent with the document.

31.    Cricut is without sufficient knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 31 and therefore denies the same. To the extent the allegations of Paragraph 31 of the Complaint seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Cricut denies the allegations to the extent that they are inconsistent with the document.

32.    Cricut is without sufficient knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 32 and therefore denies the same. To the extent the allegations of Paragraph 32 of the Complaint seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Cricut denies the allegations to the extent that they are inconsistent with the document.

33.    Cricut is without sufficient knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 33 and therefore denies the same. To the extent the allegations of Paragraph 33 of the Complaint seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Cricut denies the allegations to the extent that they are inconsistent with the document.

34.    Cricut is without sufficient knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 34 and therefore denies the same. To the extent the allegations of Paragraph 34 of the Complaint seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Cricut denies the allegations to the extent that they are inconsistent with the document.

35.    Cricut is without sufficient knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 35 and therefore denies the same. To the extent the allegations of Paragraph 35 of the Complaint seek to paraphrase or characterize the

DEFENDANT CRICUT, INC.'S ANSWER TO
CLASS ACTION COMPLAINT - 5
2:26-CV-00705-RAJ

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4900-9606-0312

contents of a written document, the document speaks for itself, and Cricut denies the allegations to the extent that they are inconsistent with the document.

36. Cricut is without sufficient knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 36 and therefore denies the same. To the extent the allegations of Paragraph 36 of the Complaint seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Cricut denies the allegations to the extent that they are inconsistent with the document.

37. Cricut is without sufficient knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 37 and therefore denies the same.

38. Cricut is without sufficient knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 38 and therefore denies the same. To the extent the allegations of Paragraph 38 of the Complaint seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Cricut denies the allegations to the extent that they are inconsistent with the document.

39. Cricut is without sufficient knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 39 and therefore denies the same. To the extent the allegations of Paragraph 39 of the Complaint seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Cricut denies the allegations to the extent that they are inconsistent with the document.

40. Cricut admits that it sells cutting machines, heat presses, and related products and materials through its website. Cricut denies the remaining allegations in Paragraph 40 to the extent they mischaracterize Cricut's product offerings.

41. Cricut denies the allegations in Paragraph 41 of the Complaint.

42. Cricut denies the allegations in Paragraph 42 of the Complaint.

43. Cricut denies the allegations in Paragraph 43 of the Complaint.

44. Cricut denies the allegations in Paragraph 44 of the Complaint.

DEFENDANT CRICUT, INC.'S ANSWER TO
CLASS ACTION COMPLAINT - 6
2:26-CV-00705-RAJ

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4900-9606-0312

45. Cricut denies the allegations in Paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself, and Cricut denies the allegations to the extent that they are inconsistent with the document.

47. Paragraph 47 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself. Cricut admits that it sent an email with the subject line set forth in Paragraph 47 of the Complaint on September 24, 2024, however, Cricut denies all allegations to the extent that they are inconsistent with the document.

48. Cricut denies the allegations in Paragraph 48 of the Complaint.

49. Cricut denies the allegations in Paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself. Cricut admits that it sent an email with the subject line set forth in in Paragraph 50 of the Complaint on September 23, 2023, however, Cricut denies all allegations to the extent that they are inconsistent with the document.

51. Cricut denies the allegations in Paragraph 51 of the Complaint.

52. Paragraph 52 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself. Cricut admits that it sent an email with the subject line "Don't Sleep On Limited-time Machine Deals 😴" on September 28, 2023, however, Cricut denies all allegations to the extent that they are inconsistent with the document.

53. Cricut denies the allegations in Paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself, and Cricut denies the allegations to the extent that they are inconsistent with the document.

55. Paragraph 55 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself, and Cricut denies the allegations to the extent that they are inconsistent with the document.

DEFENDANT CRICUT, INC.'S ANSWER TO
CLASS ACTION COMPLAINT - 7
2:26-CV-00705-RAJ

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4900-9606-0312

56. Cricut denies the allegations in Paragraph 56 of the Complaint.

57. Cricut denies the allegations in Paragraph 57 of the Complaint.

58. Cricut denies the allegations in Paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself. Cricut admits that it sent an email with the subject line set forth in Paragraph 59 of the Complaint on December 2, 2024, however, Cricut denies all allegations to the extent that they are inconsistent with the document.

60. Paragraph 60 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself. Cricut admits that it sent an email with the subject line set forth in Paragraph 60 of the Complaint on December 3, 2024, however, Cricut denies all allegations to the extent that they are inconsistent with the document.

61. Cricut denies the allegations in Paragraph 61 of the Complaint.

62. Cricut denies the allegations in Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself. Cricut admits that it sent an email with the subject line set forth in Paragraph 63 of the Complaint on September 10, 2025, however, Cricut denies all allegations to the extent that they are inconsistent with the document.

64. Paragraph 64 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself, and Cricut denies all allegations to the extent that they are inconsistent with the document.

65. Cricut denies the allegations in Paragraph 65 of the Complaint.

66. Cricut denies the allegations in Paragraph 66 of the Complaint.

67. Cricut denies the allegations in Paragraph 67 of the Complaint.

68. Paragraph 68 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself. Cricut admits that it sent an email with the subject line set forth in Paragraph 68 of the Complaint on November 28, 2025, however, Cricut denies all

DEFENDANT CRICUT, INC.'S ANSWER TO
CLASS ACTION COMPLAINT - 8
2:26-CV-00705-RAJ

4900-9606-0312

allegations to the extent that they are inconsistent with the document.

69.    Paragraph 69 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself. Cricut admits that it sent an email with the subject line set forth in Paragraph 69 of the Complaint on November 29, 2025, however, Cricut denies all allegations to the extent that they are inconsistent with the document.

70.    Cricut denies the allegations in Paragraph 70 of the Complaint.

71.    Cricut denies the allegations in Paragraph 71 of the Complaint.

72.    Paragraph 72 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself. Cricut admits that it sent an email with the subject line set forth in Paragraph 72 of the Complaint on December 1, 2025, however, Cricut denies all allegations to the extent that they are inconsistent with the document.

73.    Cricut denies the allegations in Paragraph 73 of the Complaint.

74.    Paragraph 74 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself. Cricut admits that it sent an email with the subject line set forth in Paragraph 74 of the Complaint on December 2, 2025, however, Cricut denies all allegations to the extent that they are inconsistent with the document.

75.    Cricut denies the allegations in Paragraph 75 of the Complaint.

76.    Paragraph 76 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself, and Cricut denies all allegations to the extent that they are inconsistent with the document.

77.    Cricut denies the allegations in Paragraph 77 of the Complaint.

78.    Paragraph 78 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself. Cricut admits that it sent an email with the subject line set forth in Paragraph 78 of the Complaint on March 28, 2025, however, Cricut denies all allegations to the extent that they are inconsistent with the document.

79.    Cricut denies the allegations in Paragraph 79 of the Complaint.

DEFENDANT CRICUT, INC.'S ANSWER TO
CLASS ACTION COMPLAINT - 9
2:26-CV-00705-RAJ

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4900-9606-0312

80. Cricut denies the allegations in Paragraph 80 of the Complaint.

81. To the extent required, Cricut denies the allegations in Paragraph 81 of the Complaint.

**Subheading C**: Cricut denies the allegations in Subheading "C" of the Complaint.

82. Cricut denies the allegations in Paragraph 82 of the Complaint.

83. Cricut denies the allegations in Paragraph 83 of the Complaint.

84. Cricut denies the allegations in Paragraph 84 of the Complaint.

85. Cricut is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint. To the extent required, Cricut denies the allegations in Paragraph 85 of the Complaint.

86. Cricut is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint. To the extent required, Cricut denies the allegations in Paragraph 86 of the Complaint.

87. Cricut is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint. To the extent required, Cricut denies the allegations in Paragraph 87 of the Complaint.

88. Cricut is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint. To the extent required, Cricut denies the allegations in Paragraph 88 of the Complaint.

89. Cricut is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint. To the extent required, Cricut denies the allegations in Paragraph 89 of the Complaint.

90. Cricut denies the allegations in Paragraph 90 of the Complaint.

**Subheading D**: Cricut denies the allegations in Subheading "D" of the Complaint.

*Plaintiff Mariah Meade*

91. Cricut denies the allegations in Paragraph 91 of the Complaint.

DEFENDANT CRICUT, INC.'S ANSWER TO
CLASS ACTION COMPLAINT - 10
2:26-CV-00705-RAJ

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4900-9606-0312

92.    Cricut denies the allegations in Paragraph 92 of the Complaint.

93.    Because the Complaint does not identify Plaintiff Meade's email address, Cricut is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint and therefore denies the same.

94.    Because the Complaint does not identify Plaintiff Meade's email address, Cricut is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint and therefore denies the same.

95.    Because the Complaint does not identify Plaintiff Meade's email address, Cricut is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint and therefore denies the same.

96.    Because the Complaint does not identify Plaintiff Meade's email address, Cricut is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint and therefore denies the same.

97.    Paragraph 97 contains legal conclusions to which no response is required. To the extent that a response is required, Cricut denies the same.

98.    Paragraph 98 contains legal conclusions to which no response is required. To the extent that a response is required, Cricut denies the same.

*Plaintiff Malika Bennett*

99.    Cricut denies the allegations in Paragraph 99 of the Complaint.

100.    Cricut denies the allegations in Paragraph 100 of the Complaint.

101.    Because the Complaint does not identify Plaintiff Bennett's email address, Cricut is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint and therefore denies the same.

102.    Because the Complaint does not identify Plaintiff Bennett's email address, Cricut is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint and therefore denies the same.

DEFENDANT CRICUT, INC.'S ANSWER TO
CLASS ACTION COMPLAINT - 11
2:26-CV-00705-RAJ

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4900-9606-0312

103. Because the Complaint does not identify Plaintiff Bennett's email address, Cricut is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint and therefore denies the same.

104. Paragraph 104 contains legal conclusions to which no response is required. To the extent that a response is required, Cricut denies the same.

105. Paragraph 105 contains legal conclusions to which no response is required. To the extent that a response is required, Cricut denies the same.

## V.    CLASS ACTION ALLEGATIONS

106. Paragraph 106 of the Complaint does not contain a factual allegation to which a response is required. To the extent a response is required, Cricut denies the allegations in Paragraph 106 of the Complaint.

107. Paragraph 107 of the Complaint does not contain a factual allegation to which a response is required. To the extent a response is required, Cricut denies the allegations in Paragraph 107 of the Complaint.

108. Paragraph 108 of the Complaint does not contain a factual allegation to which a response is required. To the extent a response is required, Cricut denies the allegations in Paragraph 108 of the Complaint.

109. Paragraph 109 of the Complaint does not contain a factual allegation to which a response is required. To the extent a response is required, Cricut denies the allegations in Paragraph 109 of the Complaint.

110. Paragraph 110 contains legal conclusions to which no response is required. To the extent that a response is required, Cricut denies the same. Cricut contests the allegations in Paragraph 110 and reserves the right to oppose the certification of any purported class based on these allegations.

111. Paragraph 111 contains legal conclusions to which no response is required. To the extent that a response is required, Cricut denies the same. Cricut contests the allegations in

DEFENDANT CRICUT, INC.'S ANSWER TO
CLASS ACTION COMPLAINT - 12
2:26-CV-00705-RAJ

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4900-9606-0312

Paragraph 111 and reserves the right to oppose the certification of any purported class based on these allegations.

112. Paragraph 112 contains legal conclusions to which no response is required. To the extent that a response is required, Cricut denies the same. Cricut contests the allegations in Paragraph 112 and reserves the right to oppose the certification of any purported class based on these allegations.

113. Paragraph 113 contains legal conclusions to which no response is required. To the extent that a response is required, Cricut denies the same. Cricut contests the allegations in Paragraph 113 and reserves the right to oppose the certification of any purported class based on these allegations.

114. Paragraph 114 contains legal conclusions to which no response is required. To the extent that a response is required, Cricut denies the same. Cricut contests the allegations in Paragraph 114 and reserves the right to oppose the certification of any purported class based on these allegations.

115. Paragraph 115 contains legal conclusions to which no response is required. To the extent that a response is required, Cricut denies the same. Cricut contests the allegations in Paragraph 115 and reserves the right to oppose the certification of any purported class based on these allegations.

116. Paragraph 116 contains legal conclusions to which no response is required. To the extent that a response is required, Cricut denies the same. Cricut contests the allegations in Paragraph 116 and reserves the right to oppose the certification of any purported class based on these allegations.

## VI.    CLAIMS TO RELIEF

### First Claim to Relief

### Violation of the Commercial Electronic Mail Act, RCW 19.190.020

117. Cricut restates and incorporates by reference herein all responses to the allegations

DEFENDANT CRICUT, INC.'S ANSWER TO
CLASS ACTION COMPLAINT - 13
2:26-CV-00705-RAJ

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4900-9606-0312

of the Complaint set forth herein.

118.    Paragraph 118 of the Complaint contains legal conclusions for which no response is required, and to the extent a response is required, Cricut denies the same. To the extent the allegations of Paragraph 118 of the Complaint seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Cricut denies the allegations to the extent that they are inconsistent with the document.

119.    Paragraph 119 contains legal conclusions to which no response is required. To the extent that a response is required, Cricut denies the same.

120.    Paragraph 120 contains legal conclusions to which no response is required. To the extent that a response is required, Cricut denies the same.

121.    Paragraph 121 contains legal conclusions to which no response is required. To the extent that a response is required, Cricut denies the same.

122.    Paragraph 122 contains legal conclusions to which no response is required. To the extent that a response is required, Cricut denies the same.

123.    Cricut denies the allegations in Paragraph 123 of the Complaint.

**Second Claim to Relief**

**Violation of the Consumer Protection Act, RCW 19.86.020**

124.    Cricut restates and incorporates by reference herein all responses to the allegations of the Complaint set forth herein.

125.    Paragraph 125 of the Complaint contains legal conclusions for which no response is required, and to the extent a response is required, Cricut denies the same. To the extent the allegations of Paragraph 125 of the Complaint seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Cricut denies the allegations to the extent that they are inconsistent with the document.

126.    Paragraph 126 contains legal conclusions to which no response is required. To the extent that a response is required, Cricut denies the same.

DEFENDANT CRICUT, INC.'S ANSWER TO
CLASS ACTION COMPLAINT - 14
2:26-CV-00705-RAJ

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4900-9606-0312

127. Paragraph 127 contains legal conclusions to which no response is required. To the extent that a response is required, Cricut denies the same.

128. Paragraph 128 of the Complaint contains legal conclusions for which no response is required, and to the extent a response is required, Cricut denies the same. To the extent the allegations of Paragraph 128 of the Complaint seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Cricut denies the allegations to the extent that they are inconsistent with the document.

129. Paragraph 129 contains legal conclusions to which no response is required. To the extent that a response is required, Cricut denies the same.

130. Paragraph 130 contains legal conclusions to which no response is required. To the extent that a response is required, Cricut denies the same.

131. Cricut denies the allegations in Paragraph 131.

132. Paragraph 132 contains legal conclusions to which no response is required. To the extent that a response is required, Cricut denies the same.

133. Paragraph 133 contains legal conclusions to which no response is required. To the extent that a response is required, Cricut denies the same.

## VII.    JURY DEMAND

134. Paragraph 134 of the Complaint does not contain a factual allegation to which a response is required. To the extent a response is required, Cricut denies the allegations in Paragraph 134 of the Complaint.

## VIII. PRAYER FOR RELIEF

Cricut denies that Plaintiffs are entitled to any of the relief requested in their Prayer for Relief.

## VIII.    AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defense to preserve them for trial.  Defendant does not allege or admit that it bears the burden of proof with respect to any of the following

DEFENDANT CRICUT, INC.'S ANSWER TO
CLASS ACTION COMPLAINT - 15
2:26-CV-00705-RAJ

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4900-9606-0312

defenses, nor does Defendant assume the burden of proof of any matters that would otherwise rest on Plaintiffs. Defendant does not waive any applicable affirmative defenses and Defendant reserves the right to supplement this Answer and assert additional affirmative defenses, other defenses and/or counterclaims at such time and to such extent as warranted by discovery and the factual development of this case.

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs cannot adequately represent the putative class because they cannot establish that they are entitled to any relief under the claims asserted. Plaintiffs' claims are barred to the extent Plaintiffs are not an adequate class representative and/or has a conflict of interest.

3. The action is not proper for class certification because Plaintiffs cannot meet the prerequisites for class certification under Rule 23(a), and Plaintiffs bear the burden to prove them all.

4. The action is not proper for class certification because Plaintiffs cannot meet the requirements for class certification under Rule 23(b), and Plaintiffs bear the burden to prove them all.

5. Plaintiffs' claims, in whole or in part, are barred by the applicable statute of limitations.

6. Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, and/or ratification.

7. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

8. Plaintiffs' claims under RCW 19.190.020 are barred, in whole or in part, because Cricut did not know, nor did it have reason to know, that Plaintiffs were Washington residents at the time the alleged commercial electronic mail messages were transmitted.

9. Plaintiffs' purported claims are barred, in whole or in part, to the extent that Plaintiffs agreed to a waiver of any class action.

DEFENDANT CRICUT, INC.'S ANSWER TO
CLASS ACTION COMPLAINT - 16
2:26-CV-00705-RAJ

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4900-9606-0312

10.     Plaintiffs' purported claims are barred because Cricut and/or its agents relied in good faith on the prior express consent submitted by or on behalf of Plaintiffs.

11.     Plaintiffs' claims are barred because they lack standing and have not suffered any Article III injury.

12.     Cricut's First Amendment rights under the United States Constitution may protect any conduct alleged in the Complaint and Plaintiffs' CEMA claims are barred to the extent that they violate these rights.

13.     Plaintiffs cannot state a claim against Cricut as CEMA violates the Dormant Commerce Clause.

14.     Plaintiffs' claims are barred for lack of Article III standing because neither Plaintiffs nor any member of the putative class have suffered any concrete, particularized injury-in-fact as a result of the alleged conduct of Cricut. Receiving a promotional email with a subject line that Plaintiffs characterize as misleading, without more, does not constitute an injury sufficient to confer standing under Article III of the United States Constitution.

15.     Any damages suffered by Plaintiffs were caused by the acts or omissions of persons or entities other than Cricut, for whose conduct Cricut is not responsible.

16.     The statutory penalty scheme under CEMA and the CPA, both facially and as applied to this case, violates the substantive due process protections of the Fifth and Fourteenth Amendments to the United States Constitution.

17.     Plaintiffs' claims under CEMA are preempted, in whole or in part, by the federal CAN-SPAM Act, 15 U.S.C. § 7701 et seq.

18.     Plaintiffs' claims are barred, in whole or in part, because the email subject lines at issue, or a substantial subset thereof, constitute non-actionable puffery that is not prohibited by CEMA.

19.     Plaintiffs' claims are barred, in whole or in part, because the dispute is governed by Utah law pursuant to the choice of law provision in Cricut's Terms of Use.

DEFENDANT CRICUT, INC.'S ANSWER TO
CLASS ACTION COMPLAINT - 17
2:26-CV-00705-RAJ

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4900-9606-0312

Cricut reserves the right to assert additional affirmative defenses as discovery progresses and additional facts become known.

## IX.    REQUEST FOR RELIEF

Wherefore, Cricut respectfully requests the following relief:

A.    Denial of class certification;

B.    Dismissal of Plaintiffs' claims, brought on behalf of themselves and on behalf of the putative class, with prejudice;

C.    An award of reasonable attorney fees and costs, as permitted;

D.    Such other relief as the Court deems just and reasonable under the circumstances

Dated this 20th day of March, 2026.

SNELL & WILMER L.L.P.

By: *s/Benjamin C. Woodruff*
Amit D. Ranade, WSBA #34878
Benjamin C. Woodruff, WSBA #56618
600 University Street, Suite 310
Seattle, WA 98101
Telephone:  206.741.1420
Email:    aranade@swlaw.com
          bwoodruff@swlaw.com

*Attorneys for Defendant*

DEFENDANT CRICUT, INC.'S ANSWER TO
CLASS ACTION COMPLAINT - 18
2:26-CV-00705-RAJ

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4900-9606-0312